UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:14-CR-179-T-17EAJ

ANTHONY MINA WAHBA.

_____/

ORDER

This cause is before the Court on:

Dkt. 54    Motion of United States of America to Authorize Payment From Inmate Trust Account
Dkt. 56    Motion to Recall Mandate Pursuant to 18 USCS Sec. 3664

The United States of America moves for an Order to authorize the BOP to turn over all funds in the Inmate Trust Account for Defendant Wahba for payment of restitution, pursuant to 18 U.S.C. Sec. 3613(a) and 18 U.S.C. Sec. 3664.

Defendant Wahba was sentenced on October 31, 2014 to 87 months imprisonment, 3 years supervised release, and ordered to pay $699,300.71 in restitution and a $200 special assessment. (Dkt. 39). Restitution is joint and several with Defendant Clyde Bernard Johnson, II (Case No. 8:14-CR-177-T-27MAP) and Defendant Bryan Bobby Beaudoin (Case No. 8:14-CR-257-T-1736TGW).

The Final Judgment provides:

**SCHEDULE OF PAYMENTS**

Having assessed the defendant's ability to to pay, payment of the total criminal monetary penalties are due as follows:

Case NO. 8:14-CR-179-T-17

**A.**    X    Lump sum payment of $200 for special assessment due immediately.

**B.**    X    RESTITUTION PAYMENTS:
While in Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of $200 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

......

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of this court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

   X    Joint and Several with Clyde Bernard Johnson, II, in case No. 8:14-CR-177-T-27MAP; and with Bryan Bobby Beaudoin in Case No. 8:14-CR-257-T-36TGW

......

   X    The Court Orders that the defendant shall forfeit to the United States immediately and voluntarily any and all assets previously identified, that are subject to forfeiture. See attached Forfeiture Order, which is incorporated by reference herein.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case NO. 8:14-CR-179-T-17

(Dkt. 39, p. 6).

The Final Judgment was subsequently amended to specify the priority of disbursement of restitution payments between victims.   (Dkt. 51).

As of June 24, 2016, Defendant Wahba received a credit of $6,325.22 toward restitution as a result of forfeited assets which were returned to victims.  Defendant Wahba has personally paid $50.00 toward restitution.  The outstanding amount of restitution is $692,975.49, plus accruing interest.

The Government has requested an Order authorizing the Bureau of Prisons to turn over to the Clerk of Court funds held in the inmate trust account for Defendant Anthony Mina Wahba for the criminal monetary penalties imposed in this case.  The Government asserts that a lien has attached to Defendant Wahba's interest in the funds, pursuant to 18 U.S.C. Sec. 3613(a), and the funds in the account are not exempt from payment of restitution, pursuant to 18 U.S.C. Sec. 3613(a)(1).  The Government further asserts that Defendant Wahba did not notify the Court of the change in Defendant Wahba's circumstances shown by the accumulation of more than $3,600.00 in funds, as required by 18 U.S.C. Sec. 3664(k), and the Final Judgment (Dkt. 39).

Defendant Wahba's response requests the Court to determine and set a schedule for making restitution.  However, the Court set a schedule for Defendant Wahba's payment of restitution at the that Defendant Wahba was sentenced.  (Dkt. 39).

After consideration, the Court grants the Motion of the United States of America to Authorize Payment from Inmate Trust Account (Dkt. 54).  Accordingly, it is

Case No. 8:14-CR-179-T-17

**ORDERED** that the Motion to Authorize Payment from Inmate Trust Account (Dkt. 54) is **granted**. It is further

**ORDERED** that the Bureau of Prisons **is authorized to turn over to the Clerk of Court, and the Clerk of Court shall accept funds currently held in the trust account for the following inmate:**

    Anthony Mina Wahba
    Register No. 60235-018
    USP TERRE HAUTE
    United States Penitentiary
    P. O. Box 33
    Terre Haute, Indiana     47808

The Clerk of Court **shall apply** the funds as payment towards the criminal monetary penalties owed by Defendant Wahba in this case.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 23rd day of August, 2016.

                      ELIZABETH A. KOVACHEVICH
                      United States District Judge

Copies to:
All parties and counsel of record

Anthony Mina Wahba
Register No. 60235-018
USP TERRE HAUTE
United States Penitentiary
P.O. Box 33
Terre Haute, Indiana   47808